**ALD-083**                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2751
_____

UNULA BOO-SHAWN ABEBE,

                                                        Appellant

v.

EMMANUEL OBUNDU ABEBE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-00011)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: January 26, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Unula Boo-Shawn Abebe appeals the District Court's order dismissing his

complaint.  For the reasons below, we will summarily affirm the District Court's

judgment.

In his complaint dated December 2009, Abebe alleged that his father kidnapped his older brother and took him to Africa over 24 years ago. He contended that this caused Abebe and his mother emotional distress. He requested that criminal charges be brought against his father and that his father be compelled to pay for Abebe's brother to come to the United States for a visit. The District Court dismissed the complaint before service. Abebe filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court concluded that Abebe lacked standing to bring claims on behalf of his mother or brother. On appeal, Abebe contends that he does not seek to sue on behalf of his mother or brother; rather, he argues that he alleged that his father violated his constitutional rights. However, as explained by the District Court, Abebe's father, the only defendant, is not a state actor. Thus, his father could not violate Abebe's rights to due process and protection from cruel and unusual punishment. We agree with the District Court that Abebe has no federal right to require the government to initiate criminal proceedings against his father for kidnapping. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). We also agree with the District Court that Abebe's claims of intentional or negligent infliction of emotional distress are barred by the statute of limitations.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

2